## APPEAL OF HUNTER COAL CO.

Docket No. 2503.    Submitted June 18, 1925.    Decided October 12, 1925.

> The taxpayer acquired certain mining property after March 3, 1917, which had cost a predecessor partnership $14,000. *Held*, that the taxpayer was entitled to $14,000 invested capital, but, no evidence having been submitted as to the recoverable tonnage of coal or the exhaustion for the taxable year, no allowance for depletion can be granted.

*Attilla Cox* and *E. J. Wells, Esqs.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1919 in the amount of $796.79.

### FINDINGS OF FACT.

The taxpayer is a Kentucky corporation organized on June 19, 1918, succeeding to a business theretofore conducted by a partnership under the same name.

On or about January 16, 1917, the said partnership of Hunter Coal Co. acquired a certain lease on some 40 acres of coal lands for $8,000 cash, and thereafter expended in development of the said leasehold the sum of $6,000. The said leasehold had, on June 19, 1918, a value of not less than $14,000, at which time it, together with other property, was paid in to the corporation for stock.

In determining the deficiency here in question the Commissioner did not allow as invested capital the above-mentioned amount of $14,000, and did not allow any deduction on account of depletion of the value of the said leasehold.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

### OPINION.

JAMES: The taxpayer in its petition alleged that there should be included in invested capital $6,000 paid in connection with the acquisition of the leasehold and $8,000 expended for the development thereof. The taxpayer also alleged a further expenditure on the part of the corporation after organization of $1,520.39, making a total invested capital on account of the leasehold and development and a total amount subject to depletion of $15,520.39. No evidence was submitted as to the item of $1,520.39, and the evidence reversed the two items of original cost and development. The taxpayer further alleges a recoverable tonnage of coal of 200,000, but no evidence was submitted upon this point. It is apparent that the taxpayer should be allowed invested capital as above set forth in the findings on account of $14,000 actually expended by the predecessor partnership in acquiring and developing the leasehold property. The Board is without any evidence as to the basis for depletion. The taxpayer offered the revenue agent's report, to which the Commissioner objected and his objection must be sustained. Under these circumstances, the taxpayer should be allowed invested capital as above set forth, but the deficiency should be computed without any deduction on account of depletion, since no basis therefor is contained in the evidence.